UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| JOEL L. ROBINSON, | CASE NO. 2:25-cv-02402-JNW |
|---|---|
| Plaintiff, | DISMISSAL ORDER |
| v. | |
| DEBRA STEPHENS et al., | |
| Defendants. | |

## 1.  INTRODUCTION

This matter comes before the Court on Defendants King County, Allen Nance, and Ketu Shah's ("King County Defendants") motion to dismiss, Dkt. No. 56. For the reasons stated below, the Court GRANTS the motion and DISMISSES Plaintiff Joel Robinson's claims with prejudice. The Court DENIES Robinson's motion to strike contained in his surreply, Dkt. No. 62, and DENIES as moot the King County Defendants' motion to strike Robinson's surreply, Dkt. No. 63. The Court also DENIES as moot Robinson's motions for a decision on the merits. Dkt. Nos. 65, 69.

DISMISSAL ORDER - 1

## 2. BACKGROUND

Robinson, who describes himself as a "long-time licensed criminal paralegal who operates J.R.'s Legal Services," brings two Section 1983 claims against the King County Defendants, alleging that they violated his First and Fourteenth Amendment rights. Dkt. No. 5 at 2. According to Robinson, the King County Defendants violated his constitutional rights by applying "practice-of-law, courtroom, and access-to-courts rules [against] him." *Id.* at 3. Specifically, Robinson alleges that King County Superior Court judges barred him from "confidential access" to criminal defendants that he says he needs to assist them through the King County Department of Public Defense's (DPD) expert-services policy. *Id.* at 13–15.

## 3. LEGAL STANDARD

The Court will grant a Rule 12(b)(6) motion if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a motion to dismiss, the Court accepts factual allegations pled in the complaint as true and construes them in the light most favorable to the plaintiff. *Lund v. Cowan*, 5 F.4th 964, 968 (9th Cir. 2021).

Because Robinson proceeds pro se, the Courts construes his pleadings liberally and will not dismiss without leave to amend unless "it is absolutely clear

DISMISSAL ORDER - 2

that the deficiencies of the complaint could not be cured by amendment." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citation modified).

## 4. DISCUSSION

### 4.1 Conceded claims are dismissed.

In response to the King County Defendants' motion to dismiss, Robinson concedes his claims against Nance and Shah. Robinson writes that he "voluntarily dismisses Defendants Allen Nance and Ketu Shah and narrows this action to the municipal liability claim against King County[.]" Dkt. No. 59 at 2. He likewise confirmed that he no longer challenges the prior ruling on confidential access and does not separately pursue any First Amendment or equal-protection theory that the First Amended Complaint may have raised. *Id.* at 2, 4. The Court thus DISMISSES the claims against Nance and Shah and treats the unraised theories as abandoned.

### 4.2 Robinson fails to allege a constitutional violation.

Robinson alleges that, during criminal proceedings to which he was not a party, King County Superior Court judges made "determinations" about whether and how he could assist the defendants, and did so without giving him a meaningful opportunity to be heard before applying practice-of-law, courtroom, and access-to-court rules against him in violation of procedural due process guaranteed by the Fourteenth Amendment. According to Robinson, "[t]hese deprivations were caused by customs, practices, final decision-making authority, and/or structural procedural deficiencies attributable to King County." Dkt. No. 59 at 16.

DISMISSAL ORDER - 3

Robinson seeks to hold King County under the *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). But "a public entity is not liable for § 1983 damages . . . when the factfinder concludes that an individual officer . . . inflicted no constitutional harm to the plaintiff." *Quintanilla v. City of Downey*, 84 F.3d 353, 355 (9th Cir. 1996). The threshold question, then, is whether Robinson has alleged a constitutional violation at all.

Most directly, Robinson has no protected interest in the access he was denied. Confidential access to incarcerated defendants—privileged attorney-client visits and legal mail—is reserved to attorneys and to those who work under an attorney's supervision. Robinson is not a practicing attorney, does not claim to be one, and does not allege that he works under an attorney's supervision; the orders he challenges denied it on exactly that ground—he is unlicensed. Having no legitimate claim of entitlement, Robinson has no protected interest in that access. His contention that King County should have let him contest the denial beforehand misapprehends the inquiry: the right to be heard attaches only to the deprivation of a protected interest, and he has identified none.

Recharacterizing that interest as the right to pursue his occupation does not change the result. The Fourteenth Amendment protects the right to follow a chosen calling free from arbitrary government interference, but that interest is not implicated by every government action that affects a person's work. *See Bd. of Regents v. Roth*, 408 U.S. 564, 572–73 (1972). The challenged determinations denied Robinson confidential access in two criminal cases; they did not prevent him from working as a paralegal, from assisting clients who are not in custody, or from

DISMISSAL ORDER - 4

contacting incarcerated defendants on the same terms as any other member of the public.

Finally, Robinson has no protected interest in the particular process he claims he was owed—the opportunity to testify and submit documentation at the hearings in *State v. Sow* and *State v. Byrd*. He was neither a party nor a witness in those criminal cases, and a non-party has no constitutional entitlement to insert himself into another person's criminal proceeding.

Because Robinson has not alleged the deprivation of any protected liberty or property interest, no process was constitutionally due, and the Court need not decide what process would have been required had such an interest been at stake. His § 1983 claim against King County therefore fails for lack of an underlying constitutional violation. *Quintanilla*, 84 F.3d at 355.

### 4.3    The Court denies Robinson's motion to strike.

After the parties fully briefed the King County Defendants' motion to dismiss, Robinson filed a surreply. Dkt. No. 62. In his eleven-page filing, Robinson argues that the Court should strike the motion to dismiss because the King County Defendants raise new arguments in their reply, mischaracterize Robinson's claims, and replied late. *See generally id.* In response, the King County Defendants move to strike Robinson's surreply, arguing that Robinson failed to provide a notice of intent to file a surreply as required by Local Civil Rule 7(g)(1). Dkt. No. 63 at 2.

The Court finds Robinson's surreply substantively and procedurally deficient. First, Robinson's arguments are meritless because the King County Defendants did

DISMISSAL ORDER - 5

not impermissibly raise new arguments and their reply was timely. *See* LCR 7(d)(4). Second, Robinson failed to file a notice of intent, the surreply included extraneous arguments, and significantly exceeded three pages. LCR 7(g)(1) (the moving party "must file a notice of intent to file a surreply as soon after receiving the reply brief as practicable"); LCR 7(g)(2) ("The surreply . . . shall be strictly limited to addressing the request to strike.); LCR 7(g)(3) (a hand or typewriter written surreply must not exceed three pages). As a result, the Court DENIES Robinson's motion to strike contained in his surreply, Dkt. No. 62, and DENIES as moot the King County Defendants' motion to strike Robinson's surreply, Dkt. No. 63.

### 4.4    The Court denies leave to amend.

Courts should not "dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Rosati*, 791 F.3d at 1039 (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)). Dismissal without leave to amend should be granted, however, where "allegation[s] of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). And "'particularly broad where plaintiff has previously amended the complaint.'" *City of Los Angeles v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011) (quoting *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir.1989)).

Robinson has already amended once. Even though, standing alone, this is not dispositive, the Court finds further amendment futile. The conduct Robinson

DISMISSAL ORDER - 6

challenges does not amount to a constitutional violation—an essential element of his Section 1983 claim. That defect is legal, not factual, so repleading cannot cure it.

### 4.5   Robinson's remaining motions are moot.

Robinson requests "that the Court issue a written merits determination addressing the constitutional question presented in this action . . . with findings of fact and conclusions of law." Dkt. No. 65; Dkt. No. 69. Because the Court dismisses his case for failure to state a claim, Robinson's requests are DENIED as moot.

## 5.  CONCLUSION

The Court GRANTS the King County Defendants' motion, Dkt. No. 56, and DISMISSES Plaintiff Joel Robinson's claims with prejudice. The Court DENIES Robinson's motion to strike contained in his surreply, Dkt. No. 62, and DENIES as moot the King County Defendants' motion to strike Robinson's surreply, Dkt. No. 63. The Court also DENIES as moot Robinson's motions for a decision on the merits. Dkt. Nos. 65, 69.

Dated this 30th day of June, 2026.

Jamal N. Whitehead
United States District Judge

DISMISSAL ORDER - 7