UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOEL L. ROBINSON,<br><br>Plaintiff,<br><br>v.<br><br>DEBRA STEPHENS et al.,<br><br>Defendants. | CASE NO. 2:25-cv-02402-JNW<br><br>ORDER |

On June 30, 2026, the Court dismissed Plaintiff Joel L. Robinson's claims with prejudice and entered judgment in Defendants' favor. Dkt. Nos. 70, 71. Robinson now moves to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), Dkt. No. 72; to preserve certain electronically stored information, Dkt. No. 77; for leave to appeal in forma pauperis (IFP), Dkt. No. 82; and to disqualify me, Dkt. No. 87. For the reasons below, I decline to recuse voluntarily and refer the motion to disqualify to Chief United States District Judge Estudillo. The Court DENIES Robinson's remaining motions.

## 1. DISCUSSION

### 1.1 Motion to disqualify.

Robinson asks me to recuse voluntarily before deciding his motion for post-judgment relief, citing 28 U.S.C. § 455(a), the Code of Conduct for United States Judges, and Local Civil Rule (LCR) 3(f). Dkt. No. 87 at 3. Under 28 U.S.C. § 455(a), a judge must recuse themself in any proceeding in which their "impartiality might reasonably be questioned." To decide whether recusal is necessary under Section 455(a), courts must consider "[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (citation modified). "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). "If the challenged judge decides not to voluntarily recuse, [they] will direct the clerk to refer the motion to the chief judge, or the chief judge's designee." LCR 3(f).

Robinson argues that he "has confirmed the existence of photographs depicting [me] with Greta Jibbensmith" an attorney representing King County in this matter. He further contends that Jibbensmith represented King County in cases before me in which I ruled in King County's favor. Dkt. No. 87 at 5.

These facts, even if true, give me no reason to recuse voluntarily. It is not uncommon for an attorney to appear before the same judge more than once. And rulings in a client's favor would not lead a reasonable person to question my

impartiality. Nor does Robinson describe the photographs he relies on or explain why a judge being seen with an attorney is evidence of bias.

Accordingly, I decline to recuse voluntarily. Under LCR 3(f), Robinson's motion to disqualify, Dkt. No. 87, is REFERRED to Chief United States District Judge David Estudillo for decision.

**1.2 Motion to alter or amend judgment.**

A motion under Rule 59(e) may only be granted where: "1) the motion is 'necessary to correct manifest errors of law or fact upon which the judgment is based;' 2) the moving party presents 'newly discovered or previously unavailable evidence,' 3) the motion is necessary to 'prevent manifest injustice,' or 4) there is an 'intervening change in controlling law.'" *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1042 (9th Cir. 2016) (citation omitted). Robinson contends the Court's judgment involves a "manifest error of law" and must be altered to prevent manifest injustice. Dkt. No. 75 at 5.

Robinson's central argument is that the Court failed to "evaluate the constitutional claim [he] ultimately narrowed, identified, clarified, and supported by identifying the liberty interests he contended were implicated." Dkt. No. 72 at 2. Not so. The Court considered all the alleged deprivations that Robinson raised in his Complaint and in his response to Defendants' motion to dismiss, and it reached the same result for each—Robison did not allege the deprivation of any protected liberty or property interest. *See* Dkt. No. 70 at 4.

The Court's order explained why in three paragraphs. Robinson has no protected interest in access to incarcerated defendants that is reserved for attorneys and those working under an attorney's supervision. He fails to show that Defendants prevented him from pursuing his occupation or working as a paralegal. And because he was neither a party nor a witness in the criminal cases from which he claims to have been excluded, Robinson "has no constitutional entitlement to insert himself into another person's criminal proceeding[.]" Dkt. No. 70 at 4–5. Robinson argues he was entitled to contest these "determinations," but as the Court explained, "the right to be heard attaches only to the deprivation of a protected interest, and [Robinson] has identified none." *Id.* at 4. The Court did not err and need not grant relief to prevent manifest injustice.

The result is the same if the Court treats Robinson's motion as one for reconsideration. "Motions for reconsideration are disfavored," LCR 7(h)(1), and "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Robinson offers no new evidence and identifies no intervening change in controlling law. And for the reasons above, the Court is satisfied that it applied the correct legal standards and did not commit clear error.

**1.3 Motion for leave to appeal IFP.**

Robinson also moves for leave to appeal IFP. Dkt. No. 82. Under Federal Rule of Appellate Procedure 24(a)(1), "a party in a district-court action who desires to appeal in forma pauperis must file a motion with the district court" and "attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal."

Robinson filed Form 4 from the Ninth Circuit's Appendix of Forms. He lists average monthly income of $1,800 and average expenses of $1,550. Dkt. No. 82 at 2–3. "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute" particularly where the party's motion is unopposed. *Rhine v. Buttigieg*, No. 2:20-CV-01761-RAJ, 2023 WL 3902384, at *1 (W.D. Wash. May 3, 2023) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). The Court finds Robinson has shown his financial eligibility.

But Robinson fails to identify a non-frivolous legal issue for appeal. *See* 28 U.S.C.A. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). An appeal is taken in good faith where it seeks review of a non-frivolous issue. *See e.g.*, *Arvidson v. Isbell*, No. 22-35800, 2023 WL 7013358, at *1 (9th Cir. Apr. 21, 2023); *see also Bennett v. Boy Scouts of Am. Aloha Council # 104*, No. 24-6726, 2024 WL 4694084, at *1 (D. Haw. Nov. 6, 2024) ("An appeal is taken in good faith if it seeks review of any issue that is non-frivolous.") (citing *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir.

2002)); *Briggs v. Pain Care Specialists of Oregon*, No. 3:25-CV-05095-DGE, 2025 WL 1382904, at *1 (W.D. Wash. Apr. 28, 2025) ("[S]ince the Court found that the complaint is frivolous or failed to state a claim under § 1915(e), granting leave to appeal IFP would be unwarranted.").

Form 4 requires the moving party to state their issues on appeal. *See* Dkt. No. 82 at 1. Robinson lists: "[w]hether the district court erred in dismissing [his] 42 U.S.C. § 1983 procedural due process action with prejudice; whether [he] adequately alleged a protected liberty interest and denial of a meaningful opportunity to be heard; whether the district court properly construed [his] pro se pleadings and filings; and whether dismissal with prejudice was proper without permitting clarification or amendment." *Id.* The Court has already explained, in multiple orders, why these positions lack merit. *See* Dkt. Nos. 55, 70. The Court is satisfied that it applied the correct standards and did not err in its decisions. None of Robinson's issues are non-frivolous. The Court therefore CERTIFIES that any appeal would not be taken in good faith and DENIES Robinson's motion for leave to appeal IFP.

**1.4 Other pending motions.**

Robinson asks the Court to preserve certain electronically stored information relating to the notice filed at Dkt. No. 76. Dkt. No. 77 at 3. He cites no authority or rule for his request. The Court thus DENIES the motion.

## 2. CONCLUSION

In sum, the Court ORDERS as follows:

1. I DECLINE to recuse from this case voluntarily. Robinson's motion for recusal, Dkt. No. 87, is REFERRED to Chief United States District Judge David Estudillo for decision.
2. Robinson's motion to alter or amend the judgment under Rule 59(e), Dkt. No. 72, is DENIED.
3. Robinson's motion for leave to appeal IFP, Dkt. No. 82, is DENIED. Under Federal Rule of Appellate Procedure 24(a)(4)(A), the Clerk is DIRECTED to notify the parties and the Ninth Circuit Court of Appeals of the denial of the motion to proceed IFP.
4. The motion at Dkt. No. 77 is DENIED.

Dated this 9th day of October, 2026.

Jamal N. Whitehead
United States District Judge