UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOEL L. ROBINSON,<br><br>Plaintiff,<br>v.<br><br>DEBRA L. STEPHENS et al.,<br><br>Defendants. | CASE NO. 2:25-cv-02402-JNW<br><br>ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 89) |

This matter comes before the Court on the Honorable Jamal N. Whitehead's denial (Dkt. No. 89) of Plaintiff's motion seeking his recusal (Dkt. No. 87) Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, they "will direct the clerk to refer the motion to the chief judge." Accordingly, this Court now reviews Judge Whitehead's decision not to recuse.

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal

bias or prejudice against a party. 28 U.S.C. § 455(a), (b)(1). Such bias or prejudice must derive from an extrajudicial source. *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, No. 18-16553, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). Under both 28 U.S.C. § 144 and § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

Plaintiff argues he "has developed and continues to compile" evidence concerning Judge Whitehead's relationship with King County officials that calls his impartiality into question. (Dkt. No. 87 at 2.) Plaintiff "has confirmed the existence of photographs depicting Judge Whitehead and King County attorney Greta Jibbensmith together." (*Id.*) Plaintiff acknowledges the existence of these photographs does not establish an improper relationship, but cites several cases in which Judge Whitehead apparently ruled in favor of King County and notes that Jibbensmith has represented King County in cases before Judge Whitehead, which "move[s] the inquiry beyond a purely hypothetical question[.]" (*Id.* at 5–6.)

Plaintiff is correct that photographs of Judge Whitehead with another individual would not, without more, lead a reasonable person to question Judge Whitehead's impartiality. Nor would Judge Whitehead's rulings in favor of King County call Judge Whitehead's impartiality into question. Plaintiff presents no evidence of bias on Judge Whitehead's part, and the Court finds no evidence that would lead a reasonable person to question Judge Whithead's impartiality. Accordingly, Court AFFIRMS Judge Whitehead's denial (Dkt. No. 89) of Plaintiff's motion for recusal (Dkt. No. 87.)

Dated this 13th day of October, 2026.

David G. Estudillo
United States District Judge